UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| CHICO SERVICE STATION, INC., and JOSÉ CHICO,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>SOL PUERTO RICO LIMITED,<br><br>　　Defendant. | Civil No. 09-1342 (JAF) |

**OPINION AND ORDER**

Plaintiffs, Chico Service Station, Inc., and José Chico, bring this action against Defendant, Sol Puerto Rico Limited, under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a), seeking civil penalties and injunctive relief for Defendant's alleged release of hazardous materials on Plaintiffs' real property. (Docket No. 1.) Defendant moves for dismissal (Docket No. 6), Plaintiffs oppose (Docket No. 17), and Defendant replies (Docket No. 20).

**I.**

**Factual and Procedural Synopsis**

We draw the following facts from Plaintiffs' complaint (Docket No. 1) and matters of which we may take judicial notice. As we must in deciding a motion to dismiss, we assume Plaintiffs' factual allegations to be true and make all reasonable inferences in their favor. Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008).

Civil No. 09-1342 (JAF)                                                    -2-

Since April 9, 1987, Plaintiff Chico has been the proprietor of Plaintiff Chico Service Station, which is located in Río Grande, Puerto Rico. Defendant is a licensee of Shell Company (Puerto Rico) Limited ("Shell") and has assumed Shell's obligations in Puerto Rico.

Shell had owned and operated an underground gasoline storage tank on Plaintiffs' real property since the 1960s. In 1993, Shell informed the Puerto Rico Environmental Quality Board ("EQB") of liquid hydrocarbon substances floating above the groundwater beneath Chico Service Station. In April 2008, Defendant conducted a soil and groundwater test at the site and discovered high concentrations of dissolved benzene in the groundwater beneath Chico Service Station that were well in excess of the federal environmental standard.

On August 14, 2003, Plaintiffs filed a lawsuit against Shell in the Court of First Instance of the Commonwealth of Puerto Rico (Case No. KPE 03-2062). (Docket Nos. 6-10; 21-9.) In their complaint, Plaintiffs alleged, inter alia, that Shell may have caused irreparable environmental damage to Plaintiffs' real property. (Id.) Plaintiffs prayed for both monetary damages and an injunction to compel Shell to conduct environmental tests of the site, carry out any necessary clean-up, and assume the cost of such remedial measures. (Id.) On December 31, 2003, the parties stipulated to a partial voluntary dismissal of their claim for injunctive relief pursuant to a settlement agreement. (Docket Nos. 6-13; 21-12.) Under this agreement, Shell undertook to remove the gasoline storage tank

from the site, conduct soil testing for pollutants, and engage in any remedial measures that the EQB may reasonably require. (Id.) The EQB continues to exercise supervision over Defendant's remedial activities at the site.

On April 14, 2009, Plaintiffs commenced this case in federal district court. (Docket No. 1.) On May 5, 2009, Defendant moved to dismiss for lack of subject-matter jurisdiction. (Docket No. 6.) Plaintiffs opposed on May 26, 2009 (Docket No. 17), and Defendant replied on May 28, 2009 (Docket No. 20).

## II.

### Sua Sponte Dismissal on Basis of Affirmative Defense

"In an appropriate case, an affirmative defense may be adjudicated on a motion to dismiss for failure to state a claim." Banco Santander de P.R. v. López-Stubbe (In re Colonial Mortgage Bankers Corp.), 324 F.3d 12, 16 (1st Cir. 2003); see Fed. R. Civ. P. 12(b)(6). "Even without a motion, 'a court on notice that it has previously decided an issue may dismiss the action sua sponte, consistent with the res judicata policy of avoiding judicial waste.'" López-Stubbe, 324 F.3d at 16 (quoting Bezanson v. Bayside Enters., Inc., 922 F.2d 895, 904 (1st Cir. 1990)). To justify dismissal, (1) "the facts that establish the defense must be definitively ascertainable from the allegations of the complaint, the documents (if any) incorporated therein, matters of public record, and other matters of which the court may take judicial notice"; and (2) "the

facts . . . must conclusively establish the affirmative defense." Id. Before ordering dismissal sua sponte, a federal court usually affords the target an opportunity to address the challenge. González-González v. United States, 257 F.3d 31, 36 (1st Cir. 2001).

### III.

### Analysis

We need not consider the parties' arguments as dismissal appears appropriate because of res judicata, an affirmative defense. See Fed. R. Civ. P. 8(c)(1). "In determining the preclusive effect of a [Puerto Rico] judgment in federal court . . . the question is whether courts in [Puerto Rico] would ascribe preclusive effect to the judgment." Boateng v. InterAmerican Univ., Inc., 210 F.3d 56, 61 (1st Cir. 2000); see 28 U.S.C. § 1738; Gen. Foods Corp. v. Mass. Dep't of Pub. Health, 648 F.2d 784, 786-87 (holding that state preclusion doctrine applies in non-diversity actions with respect to prior state court decisions). Under the civil law of Puerto Rico, a prior decision is res judicata only if "there [is] the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such." 31 L.P.R.A. § 3343 (1990).

First, "there is identity of persons whenever the litigants of the second suit . . . are jointly bound with [those in the first suit] or by the relations established by the indivisibility of prestations among those having . . . the obligation to satisfy the same." Id. Second, "'the thing corresponds basically to the object

or matter over which the action is exercised.'" Boateng, 210 F.3d at 61 (quoting Lausell Marxuach v. Díaz de Yáñez, 3 P.R. Offic. Trans. 742 (1975)). The thing is identical if a latter decision relating to it would necessarily contradict the former. Lausell Marxuach, 3 P.R. Offic. Trans. 742 (citing E. Jiménez Asenjo, Sobre el Alcance Real de la Cosa Juzgada, 184 Revista General de Legislacíon y Jurisprudencia 63, 73 n.1 (1948)). Differences between requested remedies in successive suits do not negate the identity of things. Mercado Riera v. Mercado Riera, 100 P.R. 939, 949 (1972). Third, cause "means 'the principal ground, the origin of the actions or exceptions raised and decided, and it must not be mistaken for the means of proof nor for the legal grounds of the claims adduced by the parties.'" Lausell Marxuach, 3 P.R. Offic. Trans. 742 (quoting 8 Manresa, Comentarios al Código Civil Español 297 (6th ed. 1967)). In sum, preclusion obtains when the latter claim "derives from the same nucleus of operative facts" even if the plaintiff asserts a different legal theory. Boateng, 210 F.3d at 62; accord González v. Méndez, 15 P.R. 682, 699-701 (1909) (citing decisions of the Supreme Court of Spain of March 14, 1898, and January 15, 1901).

Nonetheless, there is an exception to this doctrine on the basis of public order. Mercado Riera, 100 P.R. at 952-53.

> [T]he courts have refused to apply rigidly the defense of res judicata if in so doing it defeats the ends of justice, especially if reasons of public policy are involved. . . . [T]he rule is not absolute and should always be

>       weighed with the equally salutary principle that
>       justice should be done in every case.

Id. (quoting Pérez v. Bauzá, 83 P.R. 213, 218 (1961)).

Defendant adduces evidence that the same parties have previously appeared in a case before the Commonwealth courts (Case No. KPE 03-2062). (Docket Nos. 6-10; 21-9.) Although the previous complaint named as defendant Shell (id.), Defendant is Shell's successor in interests and obligations and is, therefore, in privity with Shell (Docket No. 1). See 31 L.P.R.A. § 3343.

The prior complaint alleged that Shell may have caused severe environmental harm to Plaintiffs' real property in the course of its operation as a gasoline service station. (Docket Nos. 6-10; 21-9 at 13.) Plaintiffs demanded monetary damages for the harm and an injunction ordering Shell to conduct an environmental assessment of the site, carry out any necessary clean-up, and assume the expense of such clean-up. (Docket Nos. 6-10; 21-9 at 14-15.)

The parties partially resolved this prior case by means of a stipulated settlement on December 31, 2003. (Docket Nos. 6-13; 21-12.) Under this settlement, Shell agreed to remove its gasoline storage tank from Plaintiffs' real property, conduct soil sampling of adjacent areas for contamination, and "carry out any corrective actions that [EQB] reasonably requires." (Id.) In exchange, Plaintiffs abandoned their claim for injunctive relief pertaining to the storage tank. (Id.)

The complaint in the instant case alleges violations by Defendant of the federal RCRA. (Docket No. 1.) We note, however, that these allegations relate to the operation of, and potential contamination by, the underground storage tank at issue in the previous Commonwealth case. (See Docket Nos. 1; 6-10; 21-9.)

We cannot adjudicate the parties' rights with respect to the storage tank and its effluents without disturbing the prior decision relating to the same object. See Lausell Marxuach, 3 P.R. Offic. Trans. 742. It is of no moment that Plaintiffs seek civil penalties in conjunction with injunctive relief in the present case (Docket No. 1), while they demanded injunction and damages in the prior case (Docket No. 6-10; 21-9). See Mercado Riera v. Mercado Riera, 100 P.R. at 949. Therefore, there is an identity of things between the two suits. See Boateng, 210 F.3d at 61.

Moreover, Plaintiffs allege in both cases that Defendant placed a gasoline storage tank on Plaintiffs' real property which leaked contaminants into adjacent areas. (Docket Nos. 1; 6-10; 21-9.) Hence, the two actions relate to a common set of facts that furnish the grounds for Plaintiffs' successive claims under Puerto Rico law and the RCRA. Therefore, there exists an identity of causes between the two cases. See Boateng, 210 F.3d at 62.

Lastly, we note that public order does not compel us to decline the application of res judicata. The EQB presently oversees the abatement of contaminants on Plaintiffs' real property. (See Docket

Civil No. 09-1342 (JAF)                                                -8-

Nos. 1; 6; 20.)  Although the EQB has been stripped of its power to exact civil penalties against Defendant, <u>Esso Standard Oil Co. (P.R.) v. López-Freytes</u>, 522 F.3d 136, 145-50 (1st Cir. 2008), there is no indication that the EQB is otherwise incapable of enforcing environmental regulations affecting Plaintiffs' real property.  As we are not persuaded that our refusal to hear Plaintiffs' case would necessarily harm the public interest, Plaintiffs' instant claims are apparently precluded by their prior complaint in the Commonwealth courts.  See <u>Mercado Riera</u>, 100 P.R. at 952-53.

## IV.

## Conclusion

Accordingly, we hereby **ORDER** Plaintiffs to **SHOW CAUSE, on or before October 30, 2009,** as to why we should not dismiss their case on the basis of **res judicata**. We reserve judgment on Defendant's motion for dismissal (Docket No. 6) pending the resolution of this order to show cause.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 14th day of October, 2009.

```
                              s/José Antonio Fusté
                              JOSE ANTONIO FUSTE
                              Chief U.S. District Judge
```