| | UNITED STATES DISTRICT COURT |
|---|---|
| | DISTRICT OF PUERTO RICO |

CHICO SERVICE STATION, INC., et al.,

  Plaintiffs,

  v.

SOL PUERTO RICO LIMITED,

  Defendant.

Civil No. 09-1342 (JAF)

**O R D E R**

On December 4, 2009, we issued an Opinion and Order dismissing Plaintiffs' complaint on the basis of Burford abstention. (Docket No. 36.) On December 16, Plaintiffs moved for reconsideration of our Opinion and Order under Federal Rule of Civil Procedure 59(e). (Docket No. 38.) Defendant opposed the motion on January 4, 2010. (Docket No. 39.)

Under Rule 59(e), any party may move the court to alter or amend a judgment within twenty-eight days of its entry. Fed. R. Civ. P. 59(e). "Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." FDIC v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992). Parties may not "introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997).

Plaintiffs essentially present two arguments (Docket No. 38); Defendant effectively eviscerates the latter (Docket No. 39). First, Plaintiffs contend that the Puerto Rico

Civil No. 09-1342 (JAF)                                                                                       -2-

Environmental Quality Board ("EQB") lost jurisdiction over their case when it supposedly failed to respond to their letter demanding the agency's intervention dated October 21, 2008. (Id.) Plaintiffs misconstrue the temporal bar in 42 U.S.C. § 6972(b), which prevents plaintiffs from instituting civil actions before the relevant agency has had sixty days to respond, for a waiver of state sovereignty and a jurisdiction-stripping statute. See 42 U.S.C. § 6972(b)(1)(A).

Second, Plaintiffs insist that abstention is improper because they have no right to local judicial review without the commencement of adversarial proceedings in the Puerto Rico courts and EQB has not issued an agency determination that could give rise to an action in court. (Docket No. 38.) To the extent that this argument relies on additional evidence that Plaintiffs failed to present prior to judgment, we cannot entertain it at this late juncture. See Aybar, 118 F.3d at 16. Furthermore, as Defendant notes, the fact that the parties must await an administrative result to apply for judicial review renders the remedy inchoate, not impossible. (Docket No. 39.) Therefore, Plaintiffs have not shown that they lack recourse to adequate judicial review, and we need not disturb our previous finding as to the propriety of abstention from the present dispute (Docket No. 36 at 8-9).

Accordingly, we hereby **DENY** Plaintiffs' motion for reconsideration (Docket No. 38).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 11th day of January, 2010.

                                              s/José Antonio Fusté
                                              JOSE ANTONIO FUSTE
                                              Chief U.S. District Judge